Your Honors, may it please the Court, Gary Sims, on behalf of Appellants. As I've notified the Clerk and my counsel, if with the Court's permission, I'd like to reserve two minutes for rebuttal. All right. At 2 o'clock. The Court's decision this past August in Kaman significantly limits what I can argue and need to argue today. As the Court is well aware, Kaman held that failure to warn is not and cannot be an accident under Article 17. I'm not going to waste the Court's time trying to distinguish that, get around it in any way. Nonetheless, the summary judgment in this case should still be reversed for an independent reason. As the U.S. Supreme Court made clear in Hussain, an airline's failure to assist a passenger that makes a reasonable request for medical assistance can be an event that is an accident under Article 17. In fact, this Court noted that distinction in Kaman. The Court noted it in the Rodriguez case as well. The Fifth Circuit noted it in the Blancet case. Nobody disputes that Hussain does allow that type of situation, which hopefully is pretty rare, and I believe this case is fairly rare in that situation, but that can be an accident. Delta has to go. I'm sorry. Was that alleged in the complaint? It was alleged, Your Honor, that there was an accident, which under notice pleading is all that had to be alleged. Secondly, the history of how that issue developed is important, I think. The Delta first brought a motion for summary judgment that was based on some stipulated facts, not as to what was true, but as to what the parties were contending. That motion was denied, and then Delta – well, first of all, Mrs. James, the plaintiff, put in her declaration about what happened on the flight, the failure to assist her. Delta objected to that declaration, but the motion was denied and the Court didn't rule on the objection, so presumably it was denied. Delta then renewed its motion for summary judgment and specifically said that the Court should rely on Mrs. James' declaration. If you look at page 87A of the excerpt of record, and by the way, there was a typographical error in the brief that said 87B, but if you look at 87A, it says, So Delta had the declaration, it had been submitted for the prior motion, and then Delta itself brought it to the Court's attention and said, consider that. Delta argued the Hussain exception, so Delta was fully aware of what the allegation was. Let me ask, now, was this declaration the one that pointed to Hussain's exception and talks about the airline, the flight attendant who didn't help her and denied her request? Was that declaration in the record before or after Khamenei came down? It was, well, the record in this case was in early 2004, and the case was fully briefed before Khamenei came down, so yes, it was in the record before Khamenei was decided. In fact, it was in the record before Hussain was decided, because as the Court is probably aware from the briefing, the district court in this case decided this case on the same day that Hussain was decided, so the Court didn't even have the benefit of Hussain. So to the extent Delta tries to duck the issue, it seems to me to have two consequences. One, it reflects they know this is a Hussain situation. Secondly, it clearly was before the Court. They brought it to the Court's attention, said consider this declaration. And so to say that they didn't have notice of what the theory was simply doesn't seem to wash. The only question it seems to me in this case that has any substantive significance is Hussain clearly said that failure to assist can be an event. What's not entirely clear, I acknowledge, is whether that failure to assist must be a violation of an industry, custom or company policy. Now, regardless of which way the Court answers that question, I don't think it matters in this case, although I'd like to address it briefly. But here's why I don't think it matters. If you can have an unexpected or unusual event without an industry, custom or company policy, then the summary judgment was wrong for that reason. Is there a Federal error regulation that has anything to do with the obligation of the stewardess in this or the crew in this context? Not that I'm aware of, Your Honor. It's universal policy, as far as anyone can tell, as noted in Hussain. So Delta operated its flights in compliance with Federal error regulations. I believe so, Your Honor. And that's what your client bargained for when they bought a ticket, right? No, they bargained that Delta would not cause an unexpected and unusual event under the Warsaw Convention, which is the touchstone. Well, we've taken care of that already. There was no Federal regulation in Hussain at all. And the Court held that failure to assist, if it's an unusual and unexpected event, is an accident. No reference at all to Federal regulations. The only question is, they did refer in that case to industry custom and practice because that had been litigated in the lower court. But they didn't say that it was required. And this Court noted that in Kaman, saying, well, they didn't really resolve that. There's still a few questions I have about what happened at the summary judgment proceeding here. And before I get to that, I just want to go back for a minute. You said that in the complaint you alleged that she suffered an injury as a result of an accident. Correct, Your Honor. When I read your complaint, the whole approach of the complaint was the configuration of the seating on the plane and whatnot. The whole premise of your failure to assist doesn't surface in the complaint. I'm a strong believer in notice pleading. All you need to put the other side on notice of what you're claiming and discovery should ferret out the specifics. But as I understood it, by the time you got to the summary judgment proceeding, it was pretty clear that you were proceeding on the sort of Kaman theory, failure to warn. And I can't for the life of me understand if you really were advocating a failure to assist claim. Why wasn't that brought? Did you ask the district court judge when we have leave to amend the complaint, to clarify any ambiguity, to rebrief the summary judgment proceedings? It looked as though you guys were on a set path to summary judgment. And this is a very careful district court judge. So I don't really, I don't, I'm really confused here by what your position you're taking here today. Your Honor, I wasn't involved at the district court level, but I don't see in the record a motion for leave to amend, my understanding of the way it was argued. Or even leave to let him, or even leave to ask the district court to brief the issue. Well, it was briefed. And recall when Delta brought the second motion, they asked the district court, they said, look at the complaint's allegations and Mrs. James' declaration. It was clear that declaration dealt only with failure to assist. And they said, look at that. So there couldn't be any argument that they were in some way not on notice, which is the point of the pleading. They said, consider this issue. What did the district court judge say in response to that? There was no oral argument. But in the order, he merely rejected the claim and made no reference to the complaint one way or the other. I'm sorry, not the complaint, to the declaration one way or the other. Made no reference to that. So if we were to send this back, would you then move to amend your complaint or is your position that you have no need to? I don't believe it was needed, Your Honor, especially in light of the full notice they had by relying on the affidavit and arguing it themselves. But it would certainly be no reason not to move to amend. There's no harm in doing that. And obviously, we would be willing to do that. Tell me again why they were arguing to the district court, why they were advancing this theory to the district court judge? It doesn't make sense to me. It doesn't to me either, because the first motion, they objected to Mrs. James' declaration, said don't consider it. Now, the judge never granted that objection. He didn't rule on it. But then the next motion around, they specifically asked the court to consider that declaration. And, in fact — And that was that because, oh, hey, she's got a failure to assist claim here, and so you should look at it for that purpose? It seems to me that would be the only reason, because that's all the declaration dealt with. That's what they did to the district court? Well, I can't speak for why they did it. I'll ask her. I'd like to save my remaining half a minute and a half. I'll give you a couple. What page of the ER is that? It's 87A of the excerpt of record where they asked the court to consider the complaint and the declaration. And if I may save the remaining time, Your Honors. Okay. May I proceed? May it please the Court. John Hanson for Appali Delta Airlines. Members of the Court, I agree with counsel that Kaman has significantly restricted the issues remaining for discussion here. Because Kaman decided that there was no failure to warn, I'm sorry, that a failure to warn cannot be an accident for purposes of Article 17, the assertion in the opening brief that discovery on the subject should have been allowed is also no longer at issue. I believe counsel either referred to or was about to refer to their request for discovery in the context of the failure to assist claim and industry standards. But I would like to note at the outset that the request for discovery that was made in opposition to the summary judgment focused only on the failure to warn issue. The sole remaining issue for the Court is whether or not the declaration that Ms. James submitted had any material effect on the case such that summary judgment should have been denied. And it did not for two reasons. First, there is no mention in the complaint anywhere of any failure to assist claim. Counsel says that notice pleading is sufficient. However, the purpose of notice pleading has always been to provide the defendant fair notice of the claim to which he's going to be held responsible to answer. In this case, there was a stipulation. But she could have just alleged in the complaint that she suffered an injury as a result of an accident on the airplane. Absolutely, Your Honor. That's it. Well, for two reasons. That would have been sufficient under Rule 8. I just basically noticed. I suffered an injury as a result of an accident on the plane. Then you get into discovery and you get to ferret out what happened. That's correct. She could have done that. But because she did not, it's significant for two reasons. The factual averments that are in the complaint are judicial admissions. The factual averments that are in the complaint are as follows. On the outbound leg of my trip from the United States to Madrid, I developed a DVT as a result of the seating configuration to which I was exposed. My DVT then continued and developed further on the inbound leg of my trip. Because that averment is there, we know that Ms. James had a DVT at the time she took her flight. The events that she talks about in her failure to assist claim occurred on her inbound flight from Madrid to the United States. Okay. That was evidence then before the district court in the second summary judgment motion that was not objected to, apparently. In fact, according to your opposing counsel, you asked the court to look at it. I want you to verify that or not. But the problem, I guess the real problem I have is that Hussein was decided on the same day as the second summary judgment order was decided. And wouldn't it be appropriate for us to remand it for reconsideration to the district court in light of Hussein? Because the district court just had no notice that this was a theory. And he had the declaration that she was complaining about failure to assist. But the district court did not know that the Supreme Court would come out the same day and say that's a viable claim. Your Honor, the practical effect of a reversal and remand in this case would be to send the case back to Judge Walter, who then, pursuant to the MDL order, would send it north to Judge Walker in the northern district. Judge Walker has dismissed every single one of the complaints that contains only a failure to warn him allegation. Well, he may have done so, but that may not mean he's correct in doing so. However, where we would wind up then, I believe, Your Honor, is that we would apply to Judge Walker for administrative relief, judgment would be entered, and we would find ourselves back here. Why is he dismissing every single failure to assist claim? What's the ground stated in his orders? He has not dismissed the failure to assist claims, Your Honor. He's dismissed all of the failure to warn claims. Because it's governed, it's controlled now by the claimant. Right, so why would he dismiss this one if this is clear it's a failure to assist claim? I think that the court's question earlier was correct. In order for this case to escape dismissal in the northern district, a motion to amend would have to be made. Right, so they'd make their motion to amend. And in light of Hussain, which was in existence at the time they filed their complaint, isn't that something new that would generally support a motion for relief to file an amended complaint? Your Honor, my thought is that if a motion to amend would be necessary to escape summary judgment in Judge Walker's courtroom, a motion to amend should also have been necessary to escape summary judgment in Walter's courtroom. Well, back to my notice pleading question. In the first claim for relief against a delta called treaty liability, paragraph 13 of the complaint says prior to March 29, 2002, delta blah, blah, blah, to assume unlimited liability for any passenger's injury caused by an accident within the meaning of Article 17. Correct, Your Honor. And under strict notice pleading, that might be the case. But the caveat has always been for notice pleading is that if you do make factual averments, you're bound to them. They are judicial admissions. The factual averments in this complaint are that my injury was caused by being exposed to a seating configuration. Well, it was caused, the Hussain court makes clear it's a sort of a series of events. I mean, first the injury, I mean, the illness or whatever occurs, and then liability under the Article 17 could also then follow because the airline attendant did not assist. That's what Hussain says. Your Honor, I believe that in this case, were the failure to assist claim permitted, it would fail based on the declaration of Ms. James anyway because in this case, according to the allegations in her complaint, she had the injury at the time of the alleged unexpected event. Can I ask you another question? I'm not following why if we send it back for Judge Walter to reconsider in light of Hussain, which he did not have the benefit of, he wouldn't just do that and would automatically send it to Judge, would you say, Von Walker? Yes, Your Honor. Okay, why wouldn't he finish his own case that he's already decided with the benefit of the Supreme Court decision? Well, two reasons. First, I believe that the MDL order did require all of the cases, no matter what stage of the proceedings they were at, to be transferred. Well, I don't, we don't have the order in front of us, and I'm, you know, I don't know whether there's exceptions or. . . Fair enough. More to the point, Your Honor. In this case, Judge Walter did have the failure to assist declaration, but he properly disregarded it because the failure to assist case was not properly before the Court. Is that what he said? Pardon? No, he did not. I know. So we, see, but I, maybe he didn't, because Hussain hadn't come out, maybe he didn't realize that that was a basis for either going to trial or summary judgment the other way. Your Honor, I believe that based on the order that Judge Walter did issue, he said, Plaintiff alleges she developed DVT as a result of the seating configuration. At the end of the order where he's making his ruling, Judge Walter states, Plaintiff has not introduced any evidence that she suffered an injury as a result of any condition or unexpected event external to her. He had her declaration in front of him at the time he made that order. It was part of the record before him. And I think that based on this Court's previous rulings regarding raising a new claim for the first time in opposition to motions for summary judgment, I think he properly disregarded it. I think we can't psychoanalyze what Judge Walter was thinking. What we, the facts that we know is that he issued this order without benefit of Hussain. Your Honor, I agree with you. He, although Did Judge Walter award costs in any way indicate in the papers it was a final judgment? That expresses his intention, I would think. Yes, Your Honor. The case was, summary judgment was granted, judgment was entered in favor of And the district court signed on the final judgment? I can't represent that to you, Your Honor, but I believe it did. It was a final, it was a final judgment and we did submit a cost. And was there any motion for reconsideration on the final judgment order? There was not, Your Honor. He doesn't, we've got on the checklist, let's see, we do have, this constitutes notice of entry as required by Rule 77D, I don't know what 77D says. He doesn't close the case. Or the clerk didn't close the case. If you look at the order. Your Honor, I do not believe there's any indication in the record that jurisdiction or did not intend that to be the final expression of his decision in the case. The last point I'd like to make, and I see that my time is up, or just about up, is that there was a stipulation in this case that said failure to assist is not an issue. Then there was a declaration from counsel in January of 2004, which said we just learned that this failure to assist claim is potentially present. I think it would probably strain the concept of fair notice to the defendant to say that a complaint could put a defendant on notice of a claim that even the plaintiff's counsel didn't know existed. Right. It's just that I'm not sure that's a specific rule that would govern. You're not citing it to us and you haven't cited it to us, but I happen to know that there is analogous law in the Tile 7 context that says that you have to plead which theory under which you're proceeding under Tile 7. I'm not sure that's exactly what's going on in this case. To me, what's going on in this case is the Supreme Court sort of announced a new rule of law that governs these facts, and it seems that to, you know, almost to just go off on this technicality when they weren't aware of the law, you weren't aware of the law, the Court wasn't aware of the law, isn't really the fair thing to be doing. Your Honor, last point. It does seem to me that at least one of the parties was aware of the law, because I think it's hard to escape the inference that the declaration that was submitted on the eve of opposition to motion for summary judgment should be fairly obviously tailored to try and bring the case within Hussain. Plaintiff having known that also knew that they had an obligation to make a motion to amend, and they did not do that. If the issue was known to plaintiff, it was their burden to make the motion to amend, Your Honor. Thank you very much. If there are no other questions. I don't think the Rule 77d helps us determine whether it's a final judgment or an order, because it's an order or a judgment. I'm not sure how that's relevant at this point, though. And, Your Honor, just for housekeeping, I think we did cite the Court to the Connolly v. Quaker Oates case. You did? It was by means of a Rule 28J letter, Your Honor. Oh, a 28J letter. Okay. Thank you, Your Honor. Thank you. Mr. Simms, when you wrote the brief and filed in this action at page 2, you say the appeal from the final judgment that disposes of all claims between the parties. I believe that's true, Your Honor. The judgment said that. And you meant that. So that the district court considered all the claims that the parties submitted. Well, it certainly – I guess that's the only way to say it. I guess the court purported to enter a final judgment at Excerpt Record 14849. And, in fact, the clerk's stamp indicates case closed. The key that we all seem to be talking about here is notice. And in the normal case, maybe you could argue about whether the complaint gave them notice of failure to assist. But here, that was raised by Mrs. James' declaration. They asked the Court to rely on it. They briefed the issue. There's no way they could say, we didn't know this was an issue. It seems to me the proper course is to remand, let Judge Walter decide what to do, and if he deems it appropriate to send it to Judge Walker, he may do so. My count, by the way, of that is there are 33 cases in Judge Walker's last decision that will be coming up in other appeals. And I think only one of those, and I can't point to evidence because it's not in this record, but only one of those deals with the failure to assist. These are very rare cases. Most of these are failure to warn, and Kaman has dealt with that. This is an unusual case. Thank you, Your Honor. Wait. Counsel suggested that you might have had some awareness of the Hussein decision when you filed the declaration. It's dated January 12, 2004. And Hussein came down when? I believe it was February, I believe, 24th. I don't have the exact date, but I believe 24th. The key there, Your Honor, recall that the Supreme Court decision in Hussein affirmed this Court's decision in Hussein. So at least there was, at that point, some possibility that the Supreme Court would affirm this Court, which, in fact, it did do. So it wasn't they didn't have. It's just so unusual. I'm surprised to hear that. They didn't have to have some, you know, omniscience to know what was going to happen in Hussein. In fact, every level did that. We had Judge Breyer in the district court ruled in favor of the plaintiff, and this Court affirmed, and then the U.S. Supreme Court affirmed. So I think plaintiffs saw where maybe the law was headed. So it wasn't that it just came out of the blue in the Supreme Court decision. Thank you, Your Honor. Thank you. The case of James v. Delta Airlines is submitted. We've previously submitted United States v. Saldana Beltran and United States v. Nungaray Rubacalba. We will now look at United States v. Vasuto Pulido.
judges: Beezer, Wardlaw, Paez